MORGAN, LEWIS & BOCKIUS LLP
REBECCA EISEN (SBN 096129)
reisen@morganlewis.com
THERESA MAK (SBN 211435)
tmak@morganlewis.com
CAITLIN V. MAY (SBN 293141)
cmay@morganlewis.com
One Market, Spear Street Tower
San Francisco, CA  94105-1126
Tel:   415.442.1000
Fax:   415.442.1001

MORGAN, LEWIS & BOCKIUS LLP
JOHN S. BATTENFELD (SBN 119513)
jbattenfeld@morganlewis.com
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA  90071-3132
Tel:   213.612.2500
Fax:   213.612.2501

Attorneys for Defendant
P.F. CHANG'S CHINA BISTRO, INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOY PEARSON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>P.F. CHANG'S CHINA BISTRO, INC., a Delaware corporation, and Does 1 through 50, inclusive,<br><br>Defendants. | Case No. 13-cv-02009-JLS (MDD)<br><br>**DEFENDANT P.F. CHANG'S CHINA BISTRO, INC.'S REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION OF ORDER DENYING DEFENDANT'S MOTION TO COMPEL ARBITRATION**<br><br>Judge: Hon. Janis L. Sammartino<br>Hearing Date: May 14th, 2015<br>Time:  1:30 p.m.<br>Ctrm:  4A, Fourth Floor |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT'S REPLY IN SUPPORT OF
MOTION FOR RECONSIDERATION
Case No. 13-cv-02009-JLS (MDD)

## I. INTRODUCTION

In opposing Defendant's Motion for Reconsideration based on a newly discovered copy of Plaintiff's signed Dispute Resolution Policy ("DRP") acknowledgment form, Plaintiff <u>does not</u> deny that she in fact agreed to arbitrate her claims. Instead, she argues that Defendant has not met the standard for establishing that her signed DRP form is "newly discovered," has not shown that the document is admissible, and has waived its right to compel arbitration. Each of these arguments fails, particularly in light of the FAA's liberal federal policy favoring arbitration, which requires the Court to resolve all doubts in favor of arbitration.

Here, Defendant provided evidence that it acted with due diligence initially to search for Plaintiff's DRP form, and then acted immediately when a copy was later found in an unexpected file. Plaintiff claims her signed form lacks authentication, but doesn't question its authenticity, and argues it does not p a hearsay exception when it is <u>not</u> hearsay to begin with.

Finally, Plaintiff makes a waiver argument that is contrary to Ninth Circuit law requiring a "heavy burden of proof" to establish waiver. Plaintiff cannot prove any of the waiver requirements and misstates the relevant facts in her opposition.

## II. IN LIGHT OF THE FAA'S STRONG PRESUMPTION IN FAVOR OF ARBITRATION, THE FUNDAMENTAL SHIFT IN EVIDENCE JUSTIFIES RECONSIDERATION OF THE COURT'S ORDER

Plaintiff cannot deny that she unequivocally stated in her declaration that she did not see the DRP or sign the acknowledgment, and that her denial was the basis for the Court's prior ruling. Proof Plaintiff did sign the acknowledgement form is now before the Court, and demonstrates the falsity of Plaintiff's declaration. When Plaintiff opposed Defendant's Motion to Compel Arbitration, she did so entirely based on her declaration, deposition testimony, and the lack of a signed DRP form. Dkt. No. 66 at 10:2-11:15. Now the evidence has fundamentally changed—Plaintiff no longer denies she signed the form and its existence has been

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

DEFENDANT'S REPLY IN SUPPORT OF
MOTION FOR RECONSIDERATION
Case No. 13-cv-02009-JLS (MDD)

established.

The FAA's core function is to require enforcement of arbitration agreements. *See Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218, 105 S. Ct. 1238, 84 L. Ed. 2d 158 (1985) ("By its terms, the Act leaves no room for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration…."). The FAA's "liberal federal policy favoring arbitration" requires courts to enforce arbitration agreements according to their terms." *AT&T Mobility LLC v. Concepcion*, 131 S. Ct. 1740, 1749 (2011).

In light of the fundamental evidentiary shift, and the strong presumption in favor of arbitration, reconsideration is warranted. The FAA's "liberal policy favoring arbitration" would be thwarted if Plaintiff is allowed to avoid arbitration she agreed to, first by a false denial, and then by unduly strict standards as to "new evidence."

### A. Plaintiff Overstates the Requirements to Establish That Evidence is "Newly Discovered"

Plaintiff attempts to impose a burden on Defendant that is not warranted by existing law. For example, Plaintiff cites *U.S. v. Alpine Land & Reservoir Co.* for the proposition that "Rules 60(b)(6) and 59(e) are used only 'sparingly as an equitable remedy to prevent manifest injustice.'" However, *Alpine Land* says this only with respect to Rule 60(b)(6), which is not about newly discovered evidence, but instead a catch-all provision allowing reconsideration for "any other reason that justifies relief." Indeed, the case distinguishes Rule 60(b)(6) from the other provisions of Rule 60(b). *Id.* at 1049-50.

Plaintiff argues that there is a "steep burden" in moving for reconsideration, but cites no legal authority for this proposition. As explained in Defendant's motion, "[w]hether to grant or deny a motion for reconsideration is in the sound discretion of the district court." *El Cajon Luxury Cars v. Tokio Marine & Nichido Fire Ins. Co.*, No. 11-cv-1248-JLS, 2013 WL 3317337, at *1 (S.D. Cal. July 1,

2013), citing *Navajo Nation v. Norris*, 331 F.3d 1041, 1046 (9th Cir. 2003).[1]

In *Bain v. MJJ Prods., Inc.,* 751 F.3d 642 (D.C. Cir. 2014) the district court granted summary judgment in favor of defendant based on a release agreement. *Id.* at 644. Plaintiff corporation then moved for reconsideration based on newly discovered evidence—a letter from defendant to plaintiff stating that plaintiff had no awareness of and never signed the release agreement on which the court's order relied. *Id.* While that letter was sent to the plaintiff *prior to the entry of the summary judgment order*, and was therefore "in its possession," an individual who worked for plaintiff had mistakenly taken it home in a box of other files. *Id.* at 645. After the box was returned to the company, the letter was discovered in a mislabeled file. *Id.* at 645-46. The district court denied the motion for reconsideration on the basis that plaintiff previously had the letter and did not exercise sufficient due diligence in finding it. *Id.* at 646.

The Court of Appeals reversed, reasoning that on a motion for reconsideration, the court "must strike a delicate balance between the 'sanctity of final judgments' ... and the incessant command of a court's conscience that 'justice be done in light of *all* the facts.'" *Id.* (emphasis in original). The court rejected the view that because plaintiff had the letter, it could not be "newly discovered." *Id.* at 647. The Court held that "**evidence that was lost, hidden, or unavailable during trial could qualify as 'newly discovered evidence' when later found**, even if the evidence was known to the movant at the time of trial." *Id.* (emphasis added). The court reasoned that this holding "better squares with the purpose and operation of Rule 60(b)(2) than one in which mere awareness of evidence would forever preclude its consideration as 'newly discovered.'" *Id.*

---

[1] In *El Cajon Luxury Cars* the court considered evidence even though it was previously available, but denied the motion for reconsideration because the evidence would not have changed the prior ruling. Here, the new evidence is a game changer.

DEFENDANT'S REPLY IN SUPPORT OF
MOTION FOR RECONSIDERATION
Case No. 13-cv-02009-JLS (MDD)

3

*Bain*'s reasoning is equally applicable here. The Court should consider the particular circumstances to ensure that "justice be done in light of all the facts." As detailed in Defendant's Motion and below (*See* Section B, *infra*) Defendant exercised due diligence in searching for Plaintiff's signed DRP form in the file where it should have been kept. By fortuity, a copy was preserved in an unexpected file and has now been located. Further, Plaintiff made representations under oath that there was never a signed form. This testimony—which the Court reasonably relied upon in denying the Motion to Compel Arbitration—is shown to be wrong by a newly discovered document. In these circumstances, consistent with the FAA's purpose, justice dictates that the Court reconsider its Order.

**B.  Plaintiff Mischaracterizes Defendant's Efforts To Search For Her Signed DRP and Her Own Testimony**

In asserting that Defendant did not exercise "reasonable diligence" because all it purportedly did was "repeatedly search for the DRP in one place: Plaintiff's personnel file," Opp. at 4:25-5:2, Plaintiff ignores the Declaration of James Fessenden ("Fessenden Decl."). Dkt. No. 71-3. As explained in the Motion, Mr. Fessenden took several steps to try to locate Plaintiff's signed DRP form. Fessenden Decl., ¶¶ 2-4. After learning that the DRP form was not in Plaintiff's personnel file, he contacted the Operating Partner of the restaurant where Plaintiff worked and the Market Partner in charge of all restaurants in that region to inquire about the form. *Id*., ¶¶2-3. However, neither of them could locate her signed form. *Id*. Mr. Fessenden then contacted the former Operating Partner who had hired Plaintiff and asked whether she could think of any other file where the form might be located, and she could not. *Id.,* ¶9. Plaintiff contends that "a reasonably diligent search would have started with Plaintiff's personnel file and expanded from there." Opp. at 5:4-7. That is in fact what occurred.

Plaintiff also faults Defendant for "not explain[ing] why the DRP was not contained in Plaintiff's personnel file." Opp. at 5:20-22. But there is no

1  explanation to provide.  It is Defendant's policy and practice to give the DRP policy
2  to every new employee, obtain a signed acknowledgment form, and then place this
3  form in the employee's personnel file.  Dkt. No. 38-3, ¶¶ 5-8.  Why Plaintiff's
4  original form is not in her file remains unknown.  But it is undisputed that a signed
5  copy has now been found.

6  Now that it has, Plaintiff's counsel tries to defuse her prior declaration by
7  saying "[i]t is not Plaintiff's duty to remember every document she encountered at
8  P.F. Chang's" and that she "can hardly be faulted for not remembering each
9  specific document." Opp. at 6:26-7:1.  The opposition claims that she "has
10 consistently maintained she does not *remember* signing a DRP" (Opp. at 7:3-4).
11 But her declaration flatly states: "**I have <u>never received or signed</u> anything called**
12 **an arbitration agreement or alternative dispute resolution policy** at any time
13 during my employment at P.F. Chang's.  Nor have I ever received or signed
14 anything acknowledging agreement to arbitration with P.F. Chang's." Dkt. No. 46-
15 3, Exh. 7, ¶ 4.  Based on these statements, the opposition to the Motion to Compel
16 Arbitration unequivocally declared:  "Ms. Pearson **<u>never signed</u>** a dispute
17 resolution policy or any acknowledgment of having received it.  In fact, P.F.
18 Chang's **<u>never</u>** made her aware that it even had a dispute resolution policy." Dkt.
19 No. 46 at 1:10-13 (emphasis in original).

20 Under these circumstances, the equities strongly favor revisiting the denial of
21 the Motion to Compel, based on evidence that shows these statements and
22 conclusions were wrong.

23       **C.**    **<u>The Copy of Plaintiff's Signed DRP Acknowledgment Form is Admissible Evidence.</u>**
24

25 *Plaintiff does <u>not</u> deny that the copy of the signed DRP acknowledgment form*
26 *is genuine* and contains her signature.  But she tries to keep it out of evidence by
27 arguing it is inadmissible hearsay that has not been authenticated.  To be
28 admissible, documentary evidence requires (1) authentication of the document,

(2) a determination of whether the document is hearsay, and (3) if so, whether the document falls under an exception to the rule against hearsay. Fed. R. Evid. 901; *see e.g.*, *United States v. Pang*, 362 F.3d 1187, 1192 (9th Cir. 2004). Here, the copy of Plaintiff's signed DRP is admissible as it is both properly authenticated and not subject to the rule against hearsay.[2]

### 1. The Document Has Been Properly Authenticated

Contrary to Plaintiff's assertions, the copy of Plaintiff's signed DRP can be properly authenticated through means other than an affidavit of a person with personal knowledge. Fed. R. Evid. 901. Indeed, the document can be authenticated through an examination of its content or through an expert witness. Fed. R. Evid. 901(b)(3);(4). The court must consider all means of authentication. *Las Vegas Sands, LLC v. Nehme*, 632 F.3d 526, 533 (9th Cir. 2011).

A court can authenticate a document simply by a review of its contents to determine whether it appears to be "sufficiently genuine." *See Las Vegas Sands, LLC*, 632 F.3d at 533. A court's assessment of whether the document is "sufficiently genuine" may consider extrinsic evidence, as well as "[a]ppearance, contents, substance, internal patterns, or other distinctive characteristics, taken in conjunction with circumstances." *See Id.*; Fed. R. Evid. 901(b)(4). Here, the features of the copy of Plaintiff's signed DRP demonstrate its genuineness. For example, Plaintiff's printed name and signature are virtually identical to her other signed new-hire documents and they all bear the same date. *See* Dkt. No. 46-3 at pp. 157-179. Further, the acknowledgment form is exactly the same as other forms used to acknowledge the DRP. *See* Dkt. No. 38-3, Exh. C. These characteristics of the document are sufficient for authentication. *See Corkill v. Preferred Employers Grp., LLC*, No. 11CV505-IEG WMC, 2011 WL 5975678, at *4 (S.D. Cal. Nov. 28,

---

[2] The fact that Plaintiff's signed DRP is a copy is a non-issue. Federal Rule of Evidence 1003 states that "[a] duplicate is admissible to the same extent as the original unless a genuine question is raised about the original's authenticity or the circumstances make it unfair to admit the duplicate." Fed. R. Evid. 1003.

2011) (explaining that a letter can be authenticated by "reviewing its date, who it is from, who it is sent to, and what the letter is regarding.").

Further, a party can authenticate a document through a handwriting expert. Fed. R. Evid. 901(3) (stating that the authentication requirement may be satisfied through "[a] comparison with an authenticated specimen by an expert witness or trier of fact"). For authentication purposes, the handwriting expert can compare known handwriting samples with the questioned document and give an opinion as to whether the same person wrote both. *Id*. Here, Defendant's expert witness has examined all previously authenticated documents signed by Plaintiff that are contained in her personnel file and found, with certainty, that the DRP form is genuine and was signed by Plaintiff. Declaration of David S. Moore ("Moore Decl."), ¶¶ 10-13.[3] Mr. Moore even found an exact imprint of Plaintiff's writing on the DRP acknowledgment on another document in her personnel file—evidence that the DRP was signed by her while positioned directly on top of the other document during her orientation. *Id*. at ¶ 10.

### 2. The DRP Acknowledgment Form Does Not Have to Meet A Hearsay Exception Because It is Not Hearsay.

Plaintiff argues that the DRP acknowlegment form is "inadmissible, unless an exception to the hearsay rule applies." Plaintiff then argues that the business records exception to hearsay does not apply. However, Plaintiff's argument is fundamentally flawed as <u>she fails to, establish, or even argue, that the document is hearsay to begin with</u>. Significantly, the Federal Rules of Evidence "exclude from hearsay the entire category of 'verbal acts' and 'verbal parts of an act,' in which the statement itself affects the legal rights of the parties or is a circumstance bearing on conduct affecting their rights." Fed. R. Evid. 801(c), Advisory Committee Note.

---

[3] Already admitted or proved handwriting of any person is admissible, for purposes of comparison, to determine genuineness of other handwriting attributed to such person. 28 U.S.C. § 1731. Plaintiff authenticated the documents in her personnel file in a prior declaration. *See* Dkt. No. 46-3, Exh. 7 (Declaration of Joy Pearson), ¶5, Exh. 1 at pp. 157-179; Declaration of Rebecca Eisen ("Eisen Decl."), ¶ 2, Exh. A.

1  An agreement is a form of a verbal act to which the law attaches duties and
2  liabilities and is not hearsay. *See Bauscher v. Brookstone Sec., Inc.*, No. 4:12-CV-
3  00028-BLW, 2012 WL 3100383, at *3 (D. Idaho, July 30, 2012)(finding that an
4  arbitration agreement is not hearsay); *see also Stuart v. UNUM Life Ins. Co. of Am.*,
5  217 F.3d 1145, 1154 (9th Cir. 2000); *United States v. Pang*, 362 F.3d 1187, 1192
6  (9th Cir. 2004) (signed checks are not hearsay).

   Here, the signed DRP was offered to establish the fact that Plaintiff agreed to arbitrate by her acknowledgment of the DRP.  A signed acknowledgment of an arbitration policy "affects the legal rights of the parties" and evidences a written agreement to arbitrate under the FAA.  Thus, the copy of Plaintiff's signed DRP is not hearsay and so need not meet any exception to the rule against hearsay. *See* Fed.R.Evid. 801(c).

   In the alternative, even if, *arguendo*, the document *is* considered hearsay, Plaintiff's signed DRP can be properly admitted under the Business Record exception to the rule against hearsay.  An admissible business record must be made and "kept in the course of a regularly conducted business activity" and the "source of information or the method or circumstances of preparation" must not indicate lack of trustworthiness. Fed. R. Evid. 803(6).

   The DRP acknowledgment is a business record.  P.F. Chang's indisputably regularly hires employees who complete the same new-hire process and sign the same DRP acknowledgment. *See* Declaration of Diane Neville in Support of Defendant's Motion to Compel Arbitration ("Neville Decl."), Dkt. No. 38-3, ¶ 5. These documents are ordinarily kept in the employee's personnel file in the regular course of business. *Id.* at ¶8.  Although this document is a copy of the acknowledgment that should have been kept in the Plaintiff's personnel file, the document still meets the business record exception to the rule against hearsay because signed acknowledgments of Defendant's DRP themselves are business records, kept in the regular course of business, and do not need to be "found" in a

personnel file to be admissible.

### D. **Plaintiff Does Not Meet Her "Heavy Burden" to Prove Waiver**

Plaintiff does not meet her "heavy burden of proof" as to any of the three requirements to establish waiver. *Freaner v. Valle*, 966 F.Supp.2d 1068 (S.D. Cal. 2013) is distinguishable because there "it [was] indisputable that Freaner had knowledge of his purported right to arbitrate" as he attached the arbitration agreement to his answer yet actively participated in the lawsuit through the summary judgment stage. *Id.* at 1085-86. Where, as here, a defendant's right to arbitrate was not clear, waiver was not proved even though significant time passed and some litigation took place. *See* cases cited in Motion at 11:20-24 where significant time (up to four years) passed before a motion to compel arbitration was filed, but courts in the Ninth Circuit found no waiver. *See also County of Butte v. Travelers Casualty & Surety Co.*, 2012 WL 3283477, at *1 (E.D. Cal. Aug. 10, 2012) (no waiver where defendant received the benefits of discovery and waited **fifteen months** before moving to compel arbitration).

Defendant's Motion explains how it moved to compel arbitration as soon as it believed it had a factual and legal basis to do so. Plaintiff does not challenge this in her Opposition. Any actions by Defendant before it determined it could compel arbitration are irrelevant to assessing whether waiver has occurred.[4]

Plaintiff misleadingly claims that Defendant has filed several joint motions seeking discovery determinations. As the Court knows, all discovery motions in this action are required to be "joint" pursuant to Judge Dembin's Chambers Rules, but Plaintiff initiated all of them. *See* Dkt. Nos. 41, 42, 43, 64, and 65. Defendant's position was that it would not engage in further discovery before a ruling on arbitration, the opposite of conduct inconsistent with an arbitration right. And the Court agreed to hold all of the motions in abeyance pending a ruling on

---

[4] Plaintiff's argument that filing a motion to dismiss and conducting limited discovery constitutes waiver has been rejected by the Ninth Circuit. *See* Brown v. Dillard's, Inc., 430 F.3d 1004, 1012 (9th Cir. 2005).

1  arbitration. *See* Dkt. No. 53.  Plaintiff *again* filed a joint discovery motion after
2  this Motion was filed, and the Court again agreed to stay the deadline for discovery
3  disputes untile the Motion was decided.  Litigation conduct by Plaintiff that is
4  resisted by Defendant cannot result in a waiver of Defendant's right to arbitrate.[5]

5  For these reasons, Plaintiff has failed to meet the required "heavy burden of
6  proof" to show waiver of arbitration.  *See United States v. Park Place Assoc., Ltd.*,
7  563 F.3d 907, 921 (9th Cir. 2009) ("[W]aiver of the right to arbitration is
8  disfavored because it is a contractual right, and thus any party arguing waiver of
9  arbitration bears a heavy burden of proof."); *Cox v. Ocean Hotel Corp.*, 533 F.3d
10 1114, 1125 (9th Cir. 2008) ("[A]ny examination of whether the right to compel
11 arbitration has been waived must be conducted in light of the strong federal policy
12 favoring enforcement of arbitration agreements").

### III. CONCLUSION

For these reasons, Defendant P.F. Chang's China Bistro, Inc. requests that the Court grant its Motion for Reconsideration and compel Plaintiff's individual claims to arbitration.

Dated: April 30, 2015                     MORGAN, LEWIS & BOCKIUS LLP

By  /s/ *Rebecca Eisen*
Rebecca Eisen
Attorneys for Defendant
P.F. CHANG'S CHINA BISTRO, INC.

DB2/ 25894304

---

[5] Plaintiff also claims prejudice because the parties have engaged in limited discovery under the Federal Rules of Civil Procedure and Defendant has purportedly obtained information it would not be entitled to in arbitration. However, the DRP states that "the Arbitrator shall allow the discovery authorized by the Federal Rules of Civil Procedure or any other discovery required by applicable law in arbitration proceedings." Dkt. No. 38-3, Exh. A at ¶ 4.